**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **EUGENE N. BULSO, JR.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | NO. 3-16-0040 |
| | ) | **JUDGE CRENSHAW** |
| **THOMAS O'SHEA, individually and** | ) | |
| **as Trustee of the TRUST of THOMAS** | ) | |
| **and ANNE O'SHEA, et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

## MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss (Doc. No. 5). For the reasons stated herein, Defendants' Motion is **GRANTED**, and this action is **DISMISSED** for lack of personal jurisdiction.

INTRODUCTION

This malicious prosecution action was originally filed in the Chancery Court for Williamson County, Tennessee. (Doc. No.1-1.) Defendants removed the action to this Court, based upon diversity jurisdiction. (Doc. No. 1.) Plaintiff is a citizen and resident of the State of Tennessee. Defendants Thomas O'Shea and Michael J.M. Brook are citizens and residents of the State of California. Defendants Weidner and Anderson are citizens and residents of the State of Alabama, and Defendant Anderson Weidner, LLC is a limited liability company formed and existing under the laws of the State of Alabama. (Doc. No. 1-1.)

The Complaint asserts that Plaintiff, an attorney, was retained to and did represent Defendant Thomas O'Shea in connection with certain real estate disputes and related litigation in Alabama,

California, and Hawaii. Plaintiff alleges that, following his legal representation, Defendants maliciously filed a legal malpractice complaint against Plaintiff in the U.S. District Court for the Northern District of Alabama,[1] contending that, while representing O'Shea, Plaintiff violated the Elder Abuse and Dependent Adult Civil Protection Act, a California statute. That malpractice action was dismissed by the Alabama federal court on September 28, 2015. Plaintiff contends that Defendants filed that action maliciously and in bad faith and seeks compensatory and punitive damages. (Doc. No. 1-1.)

Defendants have now moved to dismiss this action for, among other things, lack of personal jurisdiction. (Doc. No. 5.) The Complaint asserts that the Tennessee court has personal jurisdiction over Defendants pursuant to Tennessee's long-arm statute because each Defendant engaged in conduct that caused damage in Williamson County, Tennessee. (Doc. No. 1-1.)

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). On a motion to dismiss for lack of personal jurisdiction, the party seeking to establish the existence of personal jurisdiction bears the burden to establish such jurisdiction. Beydoun v. Wataniya Restaurants Holding, 768 F.3d 499, 504 (6th Cir. 2014). When, as here, the Court rules on a jurisdictional motion to dismiss without conducting an evidentiary hearing, the Court must consider the pleadings and affidavits in a light most favorable to the plaintiff. Id.

## PERSONAL JURISDICTION

---

[1] That action was originally filed in state court in California, then removed by Plaintiff Bulso to federal court in California and then transferred, on motion by Plaintiff Bulso, to federal court in Alabama.

2

Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons. Walden v. Fiore, 134 S.Ct. 1115, 1121 (2014). Tennessee law authorizes its courts to exercise jurisdiction over persons on "any basis not inconsistent with the constitution of this state or of the United States." Tenn. Code Ann. § 20-2-214(a)(6). Therefore, in order to determine whether this Court has personal jurisdiction over the Defendants, the Court must decide whether the exercise of jurisdiction comports with the limits imposed by federal due process. Walden, 134 S.Ct. at 1121.

In the Sixth Circuit, in order to demonstrate personal jurisdiction, plaintiffs must satisfy the requirements of constitutional due process as set forth in the three-prong test of Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374, 381 (6th Cir. 1968) (quoted in Means v. U.S. Conference of Catholic Bishops, 836 F.3d 643, 649 (6th Cir. 2016)). First, a defendant must have purposefully availed himself of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. Means, 836 F.3d at 649.

As noted, Plaintiff asserts that Defendants purposefully availed themselves of causing a consequence in Tennessee by causing damage in this state. The Supreme Court has made clear, however, that mere injury to a forum resident is not a sufficient connection to the forum. "Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." Walden, 134 S.Ct. at 1125. "The proper question is not where the plaintiff experienced a particular injury or effect but whether

3

the defendant's conduct connects him to the forum in a meaningful way." Id.; see also Campinha-Bacote v. Wick, 2015 WL 7354014 at * 5 (S.D. Ohio Nov. 20, 2015) (defendant's merely knowing her actions might have some effect in Ohio not enough to show purposeful availment).

Nothing about Walden precludes or overturns the Mohasco three-part test. Walden merely informs the analysis under that test, particularly the finding of purposeful availment, which requires that a defendant's contacts with the forum state proximately result from actions by the defendant himself that create a "substantial connection" with the forum state. Rodkey v. 1-800 Flowers Team Servs., Inc., 2017 WL 318473 at * 6 (S.D. Ohio Jan. 23, 2017). Walden is helpful in determining whether there is such a substantial connection.[2]

The argument that specific jurisdiction exists over a defendant solely because the effects of his intentional act are felt there cannot be reconciled with the Supreme Court's decision in Walden. Zellerino v. Roosen, 118 F.Supp.3d 946, 951 (E.D. Mich. 2015). After Walden, there can be no doubt that the plaintiff cannot be the only link between the defendant and the forum. Id. The relevant contacts are those that center on the relationship among the defendant, the forum, and the litigation. Id. (citing Walden, 134 S.Ct. at 1126). The relationship between the defendant and the forum must arise out of contacts that the defendant himself creates with the forum state, and the analysis must look to the defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there. Id.

---

[2] Plaintiff argues this case is similar to a 2013 case, Guest v. Provident Funding Associates, 2013 WL 1003524 (S.D. Ohio Mar. 13, 2013), but that case was decided before Walden. Plaintiff also cites Devault-Graves Agency, LLC v. Salinger, 2015 6143513 (W.D. Tenn. Oct. 19, 2015), but in that case, the court applied both Walden and Mohasco.

4

Here, the cause of action does not arise from Defendants' activities in Tennessee. It arises from Defendants' filing of a legal malpractice action in California and then Alabama (not in Tennessee) related to Plaintiff's representation of Defendant O'Shea in Alabama, in California and in Hawaii, not in Tennessee. Defendants originally filed their legal malpractice action in California state court. Plaintiff removed that action to federal court in California and then moved to transfer it to Alabama (not Tennessee). (Doc. No. 1-1.)

In his Response to the Motion to Dismiss, Plaintiff argues that Defendants also took the following actions in Tennessee: (1) counsel's service of process upon Plaintiff in Tennessee, (2) Defendant O'Shea's communications with Plaintiff in Tennessee while Plaintiff was representing him in other states, and (3) counsel's visits to Plaintiff's office in Tennessee to facilitate a smooth transition in taking over the litigation Plaintiff had begun in California and Alabama. These "contacts" do not connect Defendants to Tennessee in a meaningful way. All were made to support and facilitate actions, disputes and litigation in other states. This cause of action does not arise from Defendants' actions in this state; it arises from Defendants' actions in California and Alabama.

Moreover, nothing about Defendants' challenged conduct in bringing the allegedly malicious prosecution in Alabama has anything to do with Tennessee. The basis for the alleged legal malpractice did not occur in Tennessee. The alleged violation of the Elder Abuse and Dependent Adult Civil Protection Act involved a California statute and occurred in connection with Plaintiff's legal services provided in Alabama, California and Hawaii, not Tennessee.

The Court finds that Plaintiff has failed to carry his burden of demonstrating that Defendants' conduct has connected them to Tennessee in a meaningful way. The simple fact that the alleged harm to Plaintiff occurred here is not enough, as explained in <u>Walden</u>. The actions and alleged

5

misconduct which form the basis of this action occurred in Alabama, as Plaintiff apparently acknowledged when he moved to transfer the original California action to Alabama.

CONCLUSION

For all these reasons, Defendants' Motion to Dismiss (Doc. No. 5) for lack of personal jurisdiction is **GRANTED**. Because the Court has no personal jurisdiction, it need not and cannot address Defendants' other arguments.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE